UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NATHANIEL ERVIN,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-01466-LMM-RDC |
| **BUDDI U.S., LLC,** | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant, Buddi U.S., LLC ("Buddi") by and through its counsel, respectfully submits its Brief in Support of Buddi's Motion for Dismissal of Plaintiff's Complaint, or in the Alternative, For a More Definite Statement.

## I. INTRODUCTION

To the extent Buddi can ascertain, Plaintiff Nathaniel Ervin's ("Plaintiff") complaint alleges causes of action for Breach of Contract, Wrongful Termination, Retaliation, Sexual Harassment, and Discrimination pursuant to Title VII of the Civil Rights Act of 1964, 2 U.S.C. § 2000e ("Title VII") and 42 § USC 1981. Buddi brings this Motion to Dismiss Or, in the Alternative, For a More Definite Statement, as a result of Plaintiff's failure to: 1) provide factual allegations that meet the federal pleadings standards of Fed. R. Civ. P. 8 and 10 as to any of the claims he purports

to bring against Buddi; and 2) state a claim upon which relief may be granted under the Fed. R. Civ. P. 12(b)(6) as to his claim for "wrongful termination."

For the reasons explained more fully below, Plaintiff's Complaint fails to make clear factual allegations in support of his legal claims to which Buddi can adequately respond. The Complaint fails to give Buddi fair notice of the claims or their basis and fails to provide an opportunity for a cogent answer and defense. Moreover, Plaintiff does not come close to meeting the pleading standards established by the U.S. Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).[1] Plaintiff's Complaint merely list causes of action that are in no way linked to any factual allegations that could support his theories of liability against Buddi. Plaintiff fails to allege critical elements of any cause of action against Buddi, and the allegations he does make lacks the specificity and factual support required by *Iqbal* and *Twombly*. Accordingly, Plaintiff's Complaint against Buddi should be dismissed in its entirety.

In the alternative, if Plaintiff's claims are not dismissed, Buddi requests the Court order Plaintiff to amend his Complaint with a more definite statement as to each cause of action he asserts against Buddi. In its current form, the Complaint is

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 77 U.S.L.W. 4387 (2009).

vague and indefinite, which makes it difficult for Buddi to frame a responsive pleading without speculation that could prejudice Buddi's defense in this matter.

## II. PROCEDURAL POSTURE

1. On or about November 15, 2021, Plaintiff filed a civil action against Buddi in the Superior Court of Fulton County, Case No. 2021CV356730, asserting claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S. Code § 1981.

2. Plaintiff served Buddi on March 18, 2022.

3. On April 15, 2022, Buddi filed a Notice of Removal in this Court and a Notice of filing of Notice of Removal in Fulton County Georgia Superior Court.

4. Plaintiff's Complaint appears to list seven (7) causes of action, but is wholly deficient in factual assertions that, even if taken as true, would support the underlying claims.

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. Legal Standard

#### 1. Federal Rules of Civil Procedure 8 and 10.

To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Moreover, as the Eleventh circuit explains in *Hopkins v. Saint*

3

*Lucie County*, "The Supreme Court has recently clarified that while the pleading standard of Rule 8 does not require detailed factual allegations, it does demand more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *See*, *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010). Furthermore, while *pro se* litigants' pleadings are construed liberally, they must still comply with procedural rules governing the proper form of pleadings. *See*, *Id*.

If a plaintiff's complaint fails to comply with the "short and plain statement" requirement, a district court may dismiss the plaintiff's complaint. *See*, *Id.*; *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019). Under Rule 10(b), "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present [her] claims discretely and succinctly, so . . . [her] adversary can discern what [she] is claiming and frame a responsive pleading." *See*, *Fields v. Conrad*, No. 21-10825 Non-Argument Calendar, 2022 BL 34575, at 4 (11th Cir. Feb. 1, 2022). *Pro se* litigants are still required to meet these requirements. *See*, *Hudson v. Middle Flint Behav. Healthcare,* 522 F. App'x 594, 596 (11th Cir. 2013) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed… However, the leniency afforded pro se litigants does not give the courts

4

license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action").

### 2. Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Eleventh Circuit describes the standard for granting a motion to dismiss more thoroughly below:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation marks and alterations omitted). Thus, while we must accept all of the complaint's allegations as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.

*See*, *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019).

### B. Legal Argument

#### 1. Plaintiff Fails to Identify a Contract in Support of His Breach of Contract Claim.

While Plaintiff's Complaint lists breach of contract as his first cause of action,, he fails to identify the existence of a contract anywhere in the Complaint or the

5

attached 14-page narrative, let alone any allegations that Buddi breached that contract. (Compl. ¶ 3). Thus, Plaintiff's claims for breach of contract must be dismissed as a matter of law. *See, Grady Mem'l Hosp. Corp. v. Hayes*, 341 Ga. App. 455, 457, 801 S.E.2d 55, 57 (2017) ("When a complaint does not allege facts showing the existence of a contractual relationship between the plaintiff and the defendant, dismissal is proper because "there is no set of provable facts within the framework alleged by the complaint that would result in [liability] for breach of contract").

### 2. Plaintiff Fails To Allege Any Facts To Support His Claims of Discrimination Under Title VII or 42 U.S.C. § 1981.

Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly in regards to race, 42 U.S.C. § 1981 provides that, "[a]ll persons... shall have the same right... to make and enforce contracts... as is enjoyed by white citizens," and it also protects against employment discrimination on the basis of race." *See, Addison v. Ingles Mkts., Inc.,* 515 F. App'x 840, 841 (11th Cir. 2013).

To establish a *prima facie* case under Title VII, Plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. *See*, *McQueen v. Wells Fargo Home Mortg.*, 573 F. App'x 836, 838 (11th Cir. 2014). The same elements apply for any claim of race discrimination under § 1981. *See*, *Id.* ("The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context").

In his Complaint, Plaintiff alleges Buddi terminated him after he raised concerns about his lack of benefits, and that his manager exhibited rude behavior towards him. (Compl. ¶ 2). However, neither the Complaint nor his aforementioned 14-page narrative attachment cite any incidents of discrimination or harassment related to Plaintiff's sex, race, or color, nor do they even allege that he was terminated (or suffered some other adverse action) because of his race, age or color. Thus, Plaintiff's discrimination claim is also due to be dismissed. *See*, *Nurse v. Teleperformance Inc.*, 686 F. App'x 690, 691 (11th Cir. 2017) (*Pro se* Plaintiff's complaint dismissed for failure to allege discrimination suffered as result of membership to a protected class).

### 3. Plaintiff Fails to Allege Any Facts to Support Claims of Retaliation Under Title VII or 1981.

Title VII makes it unlawful for an employer to retaliate against an employee because the employee has opposed an employment practice made unlawful under Title VII, or made a charge of discrimination, or testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. *See*, 42 U.S.C. § 2000e–3(a). The Supreme Court has determined that § 1981 also supports claims for retaliation. *See*, *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457, 128 S. Ct. 1951, 1961, 170 L. Ed. 2d 864 (2008). To establish a *prima facie* case of discriminatory retaliation under Title VII or § 1981, a plaintiff must show that: (1) he participated in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the plaintiffs participation in the protected activity and the adverse employment action. *See*, *Barnett v. Athens Reg'l Med. Ctr, Inc.*, 550 F. App'x 711, 714 (11th Cir. 2013).

Plaintiff's retaliation claim is merely conclusory statements and legal conclusions, without sufficiently pled facts. Paragraph three (3) of his Complaint merely lists retaliation as one of his claims without reference to any protected activity. Moreover, he also fails to reference any such protected activity in his narrative attachment—he merely concludes the narrative with a statement alleging that he is the victim of retaliation because Buddi did not provide a clear explanation

for his termination. Thus, Plaintiff's retaliation claims is due to be dismissed. *See, Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (*Pro se* plaintiff's retaliation claims dismissed for failure to identify any protected activity); *Arrington v. Alabama Power Co.*, 769 F. App'x 741, 746 (11th Cir. 2019) (*Pro se* plaintiff's retaliation claims dismissed for failure to cite any adverse employment action because of protected activity).

### 4. Plaintiff Fails to Allege Any Facts to Support Claims of Sexual Harassment under Title VII.

Plaintiff also lists sexual harassment as one of his claims in paragraph three (3) of his Complaint with no supporting facts or allegations. (Compl. ¶ 3). Although Title VII does not mention sexual harassment, the statutory phrase terms, conditions, or privileges of employment includes a discriminatorily hostile or abusive environment. *See*, *Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926, 928 (11th Cir. 2017). To prove sexual or gender-based harassment under Title VII, the plaintiff employee must show that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on his sex; (4) the sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) a basis for holding the employer liable exists. *See*, *Id*.

Again here, as with his discrimination and retaliation claims, Plaintiff's Complaint fails to meet the pleading standards laid out in *Iqbal* and *Twombly*. *See generally*, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The closest Plaintiff comes to alleging facts that arguably could support a sexual harassment claim is when he states he was "subject to lewd and laviscious (sic) behavior" at the hands of his manager Christina Smith (Compl. ¶ 2). However, neither his Complaint nor the narrative attachment cite one incident of severe or outrageous acts by Christina Smith that relate to his gender or are sexual in nature. Moreover, the Complaint fails to make any sort of allegation that Ms. Smith's alleged conduct was severe and/or persuasive, or that Ms. Smith's alleged conduct somehow altered the terms and conditions of his employment. As Plaintiff has failed to allege facts that, even if taken as true, would establish a *prima facie* case of sexual harassment, Plaintiff's sexual harassment claims also is due to be dismissed as a matter of law. *See*, *Little v. CRSA*, 744 F. App'x 679, 682 (11th Cir. 2018) (*Pro se* plaintiff's sexual harassment claims dismissed for failure to allege facts sufficient to establish employer liability element for prima facie case of sexual harassment).

### 5.     Plaintiff Has No Claim for Wrongful Termination.

Plaintiff alleges that Buddi terminated him without explanation after inquiring about employee benefits (Compl. ¶ 2). In addition, he asserts claims for "wrongful termination" in (Complaint ¶ 3). However, in the absence of a contract providing otherwise, Georgia is an "at-will" employment state and does not recognize a cause of action for wrongful termination:

> [Plaintiff's] complaint sets forth the following factual assertions relevant to her alleged claim of wrongful termination…Nowhere in the complaint does [Plaintiff] allege facts showing an enforceable contract of employment or assert facts from which such a contract reasonably may be inferred. Where no terms of a contract are set out the complaint must be construed as alleging that the employee was working under a contract terminable upon the will of the employer. An at-will employee generally does not have a reasonable expectation of continued employment to establish a property right protected by law.

*Fink v. Dodd*, 286 Ga. App. 363, 366, 649 S.E.2d 359, 362 (2007).

Here, as mentioned *supra*, Plaintiff has failed to allege the existence of a contract with Buddi. Thus, Plaintiff's attempt to allege a claim for wrongful termination fails and should be dismissed as a matter of law.

### 6.     Plaintiff Acknowledges that Buddi Does not Maintain Enough Employees to Qualify as an Employer Under Title VII.

While Plaintiff alleges Title VII claims in his Complaint, he also alleges that Buddi only maintains four (4) employees on the third page of his narrative summary

attached to this Complaint. Employers are only subject to suit under Title VII if they maintain fifteen (15) or more employees. *See*, U.S. Code, 42 U.S.C. § 2000e; *Walters v. Metro. Educ. Enters.*, 519 U.S. 202 (1997). Thus, accepting Plaintiff's allegations as true, Buddi does not employ enough employees to qualify as an employer covered by Title VII.[2] Therefore, all of Plaintiff's Title VII claims must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### 7. If The Court Does Not Dismiss Plaintiff's Complaint, Buddi Requests A More Definite Statement.

Federal Rule of Civil Procedure 12(e) provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Also, Federal Rule of Civil Procedure 10(b) requires, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

As discussed above, Plaintiff provided vague and ambiguous references to various employment discrimination and breach of contract claims without any facts in support of such claims. Plaintiff's Complaint fails to allege a theory of Buddi's liability. This forces Buddi into an untenable position – it cannot frame a responsive

---

[2] Defendant admits that it maintains less than fifteen (15) employees in the United States.

pleading without making assumptions about Plaintiff's allegations, which Buddi is not required to do. In addition, the Federal Rules require Buddi to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which Plaintiff relies. Fed. R. Civ. P. 8(b). This is untenable given the current state of Plaintiff's Complaint. Where the defending party is unable to frame a fair response, the proper remedy is an order for a more definite statement. *See*, *Barnett v. Bailey*, 956 F.2d 1036, 1043 (11th Cir. 1992).

## IV. CONCLUSION

For the reasons set forth herein, Buddi respectfully requests the Court grant its Motion to Dismiss the Complaint in its entirety for failure to meet the federal pleading standards and state a claim upon which relief can be granted, and that Buddi be granted costs, fees, and disbursements, together with such other relief the Court deems just and proper; or in the alternative, Buddi requests the Court require Plaintiff to provide a more definite statement that specifies the date (or approximate date) of each event supporting the allegation in the Complaint, and to separately state each of the alleged events in numbered paragraphs.

Respectfully submitted this 22nd day of April, 2022.

                                        */s/ A. Jonathan Jackson*
                                        Nathan J. Allen
                                        Georgia Bar No. 141304
                                        nathan.allen@ogletree.com

A. Jonathan Jackson
Georgia Bar No. 852077
jonathan.jackson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-881-1300
Fax: 404-870-1732
***Attorneys for Defendant***

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **NATHANIEL ERVIN,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 1:22-cv-01466-LMM-RDC |
| **BUDDI U.S., LLC,** | ) ) ) |
| Defendant. | ) ) |

**CERTIFICATE OF SERVICE**

It is certified that on April 22, 2022 this **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system. I further certify that I served the foregoing on the below pro se Plaintiff via U.S. Mail:

Nathaniel Ervin
455 Washington Road
Apartment 12-1J
Atlanta, GA 30349

/s/ *A. Jonathan Jackson*
A. Jonathan Jackson
Georgia Bar No. 852077

15